IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JORGE DANIEL SANCHEZ MORA,

Petitioner,

v. No. 26-CV-01609 KG-JFR

MARY DE ANDA-YBARRA, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Jorge Daniel Sanchez Mora's Petition for a Writ of Habeas Corpus, Doc. 1, the Government's Response, Doc. 8, Petitioner's Notice of Supplemental Facts, Doc. 12, and the Government's Supplemental Briefing, Doc. 14. For the reasons below, the Court denies the petition.

Petitioner, a native and citizen of Mexico, entered the United States in 2023 without inspection or parole. Doc. 1 at 11. Petitioner is married to a U.S. citizen. Doc. 12 at 3.

On April 14, 2026, a state trooper arrested Petitioner and transferred him to Immigration and Customs Enforcement ("ICE") custody. Doc. 1 at 1–2. He is now detained at the Otero County Processing Center in Chaparral, New Mexico. *Id.*

On April 30, 2026, an immigration judge considered Petitioner for release on immigration bond. *Id.* at 9. The immigration judge denied bond. *Id.* On the written order, the immigration judge stated: "Flight Risk: Lack of ties to USA; and no form of relief in front of the court currently; recent entry into the USA 2023." *Id.*

Petitioner challenges his detention on two grounds: first, under the Immigration and Nationality Act ("INA"), arguing he is subject to detention under 8 U.S.C. § 1226(a) rather than a more restrictive provision; and second, under the Fifth Amendment's Due Process Clause,

arguing he has not received adequate pre-deprivation process. *Id.* at 3–4. He also argues that exigent circumstances, including his wife's third, high-risk pregnancy, warrants release. Doc. 12 at 4. The Government opposes the Petition. *See* Docs. 8, 14.

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

As an initial matter, § 1226 governs Petitioner's detention. Petitioner has lived in the United States for years and was not arrested at a port of entry or near the border. He therefore was not seeking admission at the time of his arrest.

The Court nonetheless declines to grant relief because Petitioner received an adequate bond hearing. At that hearing, the immigration judge considered the record and found that Petitioner failed to carry his burden of showing he is not a flight risk. Doc. 1 at 9. That is all

that § 1226 requires. This case is unlike those in which an immigration judge refuses to hold a bond hearing or refuses to reach the merits. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.); *Melendez Aldarozo v. Noem*, 2026 WL 735379, at *1 (D.N.M.). Here, the immigration judge held a hearing and decided the issue.

The Court is sympathetic to Petitioner's circumstances, including his desire to support his wife through the third trimester of a high-risk pregnancy. Doc. 12 at 4. But the proper avenue for that relief is an appeal to the Board of Immigration Appeals. This Court's role is limited to reviewing whether Petitioner received a constitutionally adequate bond hearing, and the record shows that such a hearing occurred.

For the reasons above, the Court denies the Petition, Doc. 1.

IT IS SO ORDERED

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.